IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN LEE TERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY;<br>LEROY BOLEX; and<br>DOES 1-20,<br><br>        Defendants. | Case 2:05-cv-2261-RRB<br><br>**ORDER GRANTING DEFENDANTS'S<br>MOTION FOR SUMMARY JUDGMENT** |

      Before the Court is Defendant Allstate Insurance Company ("Allstate") with a Motion for Summary Judgment at Docket 27. Allstate relies on the undisputed fact that the insured, Leroy Bolex ("Bolex"), failed to pay his motorcycle insurance premium by the March 10, 2001, due date, causing the policy to lapse prior to a single-vehicle motorcycle accident two days later, in which Bolex and his passenger, Kathleen Lee Terry ("Terry"), were injured.

      Terry, plaintiff at bar through an assignment of rights, opposes at Docket 41. Terry argues that Allstate's post-accident

issuance to Bolex of a printout entitled "California Proof of Auto Insurance Card" in May 2001, which did not reflect the lapse in the coverage prior to reinstatement of the policy and upon which the California traffic court relied in dismissing Bolex's citation for failure to produce proof of insurance at the accident, waived Allstate's right to deny coverage because this action was inconsistent with an intent to deny coverage.  Additionally, Terry argues that Allstate is estopped from now refusing to honor coverage because Bolex and the traffic court relied on the proof of insurance.

       For the reasons stated in Allstate's Memorandum of Points and Authorities at Docket 28 and Reply Memorandum at Docket 46, and based on the undisputed facts set forth at Dockets 29, 42, and 46, the Court concludes that Terry has failed to produce evidence sufficient to raise any genuine issue of material fact and that Allstate is entitled to judgment as a matter of law.

       Allstate's issuance of the "California Proof of Auto Insurance Card" printout does not constitute a waiver.  The plain language of Bolex's policy, the accompanying endorsements, the renewal package sent on February 8, 2001, and the renewal bill sent on February 16, 2001, as well as the $8.10 premium refund credit on March 21, 2001, for the March 10-19, 2001, lapse period, and Allstate's multiple letters declining coverage, consistently show

Allstate's intent to deny coverage. There is no evidence that Allstate "intentionally relinquish[ed] its right to deny coverage" and the proof of insurance printout was not "so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." <u>Waller v. Truck Ins. Exchange, Inc.</u>, 11 Cal. 4th 1, 31 (1995).

Allstate is not estopped to deny coverage because of the proof of insurance printout. Here, as in <u>Monteleone v. Allstate Insurance Co.</u>, "[t]here is no evidence in the record to suggest that [Bolex's] delayed payment was due to any representation by Allstate or its agents that [his] late payment would be accepted without lapse in coverage." 51 Cal. App. 4th 509, 518 (1996). Terry's attempt to distinguish <u>Monteleone</u> is unpersuasive because the facts cited by Terry occurred after the accident. As a matter of law, Bolex's failure to timely pay his premium cannot be explained by detrimental reliance on post-accident assertions. "Information received after the accident and after [Bolex] paid the late premium was irrelevant to whether [he] had coverage at the time of the accident." <u>Id.</u>

Finally, judicial estoppel is inapplicable in this matter because Allstate has not taken inconsistent positions to obtain advantage in separate proceedings.

Accordingly, Allstate's Motion for Summary Judgment is hereby **GRANTED.**

IT IS SO ORDERED.

ENTERED this 30th day of July, 2007.

                               S/RALPH R. BEISTLINE
                               UNITED STATES DISTRICT JUDGE