IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


KATHLEEN LEE TERRY,                     No. Civ. S-05-2261 RRB DAD

      Plaintiff,                   **Memorandum of Opinion**
                                    **and Order**

   v.

ALLSTATE INSURANCE CO., et al.,

      Defendants.

_____/

    Before the court is Kathleen Terry's ("Plaintiff") motion to review the taxation of Allstate Insurance Company's ("Allstate") bill of costs filed on August 13, 2007. Allstate, the prevailing party, submitted a bill of costs totaling $14,915.71, reflecting (1) fees of the clerk ($360.00); (2) fees for service of summons and subpoena ($2,410.00); (3) fees of the court reporter ($6,839.20); (4) fees for witnesses ($340.00); (5) fees for exemplification and copies of papers necessarily obtained for the use in the case ($1,352.64); (6) docket fees

($20.00); and (7) other costs ($3,593.87). The clerk taxed costs in the amount claimed by Allstate. Plaintiff has timely objected to portions of these costs. For the reasons stated below, Allstate is entitled to recover $3,837.18 in costs.

**I.**

## A.  Legal Standard

Rule 54 allows a prevailing party to recover costs, other than attorney's fees, unless the court otherwise directs. Fed.R.Civ.P. 54(d).[1] This rule creates a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons, which may include punishing misconduct by the prevailing party or non-punitive but compelling equitable justifications such as a party's limited financial resources. Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591-93 (9th Cir. 2000); Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). The losing party bears the burden of establishing why costs should not be awarded. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). In an "ordinary case," costs

---

[1] Rule 54(d) states that: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ."

2

will be awarded, and if the losing party meets its burden, the court must specify reasons for its refusal not to award costs in spite of the presumption. <u>Save Our Valley</u>, 335 F.3d at 945; <u>see Trans Container Services (BASEL) A.G. v. Security Forwarders, Inc.</u>, 752 F.2d 483, 488 (9th Cir. 1985) (observing that trial courts must state reasons for the denial of costs so that the appellate court will be able to determine whether or not the trial court abused its discretion).

Under Rule 54(d), trial courts do not have discretion to tax whatever costs seem appropriate; rather, courts may tax only costs defined in 28 U.S.C. § 1920. <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 176 (9th Cir. 1990) (citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987)). " 'Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).' " <u>Alflex</u>, 914 F.2d at 176.[2] Courts are free to interpret the meaning and scope of the items enumerated as

---

[2] Section 1920 provides: "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

taxable costs under § 1920.  Id. at 177.  Once an item is determined to fall within § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case.  Id.  The prevailing party bears the burden of stating its costs with the requisite specificity, and the prevailing party necessarily assumes the risks inherent in a failure to meet that burden.  See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1208 (10th Cir. 1986).

**B.   Section 1920**

**1.   Fees of the Clerk**

Allstate seeks to bill $360.00 as taxable costs to Plaintiff for fees of the clerk.  Of that amount, $250.00 represents the cost incurred in removing this matter from state court, $55.00 represents the cost incurred in filing an answer in state court, and $55.00 represents the cost incurred in filing a notice of removal in state court.  Plaintiff objects to each of these cost items on the ground that she lacks the financial means to pay for such costs.[3]  Additionally, Plaintiff objects to the costs incurred by Allstate in filing an answer

---

[3] Plaintiff seeks to set aside Allstate's bill of costs based on her limited financial resources.  The court will discuss this issue below.  See Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999) (directing courts to consider the financial resources of the plaintiff in awarding costs against a plaintiff).

and a notice of removal in state court on the ground that such costs are unrecoverable under § 1920.

Because the cost of filing a copy of a notice of removal from state court is a taxable cost under § 1920(1), the court concludes that Allstate is entitled to recover $250.00 for removing this matter from state court. See McGuigan v. CAE Link Corp., 155 F.R.D. 31, 37 (N.D.N.Y. 1994) (cost of filing a copy of the notice of removal from state court is a taxable cost under § 1920(1)). However, because § 1920 does not authorize the taxing of state court filing fees, the court concludes that Allstate is not entitled to recover its costs incurred in filing an answer and a notice of removal in state court. See Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987); Lawrence v. Chancery Court of Tennessee, 188 F.3d 687, 693 (6th Cir. 1999).

Accordingly, Allstate is entitled to recover $250.00 as fees of the clerk.

**2. Fees for Service of Summons and Subpoena**

Allstate seeks to bill $2,410.00 as taxable costs to Plaintiff for costs incurred for service of summonses and subpoenas. Of that amount, $55.00 represents the cost incurred for service of Leroy Bolex (underlying defendant). The remainder of the costs ($2,365.00) represents the costs incurred for service of summonses and subpoenas on physicians and other

healthcare related individuals. Plaintiff objects to the cost incurred by Allstate for service of Mr. Bolex on the ground that this cost exceeds the amount set by 28 C.F.R. § 0.114(a)(3). Plaintiff objects to the remaining costs on the ground that such costs were not necessarily obtained for use in this case.

Because the cost incurred for service of a summons and subpoena is recoverable under § 1920(1), and because the cost incurred for service of Mr. Bolex was reasonable under 28 C.F.R. § 0.114(a)(3),[4] the court concludes that Allstate is entitled to recover $55.00 incurred in serving Mr. Bolex.[5] With respect to Allstate's costs incurred in serving physicians and other healthcare related individuals, the court concludes that Allstate is not entitled to recover such costs because these costs were not necessarily obtained for use in this case. This is because Plaintiff's medical condition was not an issue before

---

[4] 28 C.F.R. § 0.114(a)(3) states that: "The United States Marshals Service shall routinely collect fees according to the following schedule: . . . For process served or executed personally--$45 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."

[5] While § 0.114(a)(3) provides that personal service of process by the U.S. Marshals Service is to cost $45.00 per hour, it also allows for travel costs and other-out-of-pocket expenses. Therefore, because the documentation submitted by Allstate demonstrates that $10.00 was added for service of Mr. Bolex due to distant travel, the court concludes that a $55.00 charge in this regard is reasonable.

the court since the underlying judgment was the result of an uncontested bench trial that proceeded in the nature of a prove-up hearing.  <u>See</u> <u>Garamendi v. Golden Eagle Ins. Co.</u>, 116 Cal.App.4th 694, 711 (2004) (holding that a final judgment entered into against an insured, including all material findings of fact essential to the judgment of liability and damages of the insured, is binding on the insurer where the judgment is the result of a default hearing following a settlement or an uncontested trial where the insured settled with the claimant and thereafter presented no defense).

Accordingly, Allstate is entitled to recover $55.00 for service of process costs.

**3. Fees of the Court Reporter**

Allstate seeks to bill $6,839.20 as taxable costs to Plaintiff for fees of the court reporter.  In this regard, Allstate seeks to recover for the cost incurred in obtaining a transcript of the underlying bench trial and for the costs incurred in videotaping and obtaining stenographic transcripts of depositions.  Plaintiff objects to the cost incurred by Allstate in obtaining the underlying bench trial transcript on the ground that this cost was not necessarily obtained for use in this case.  Additionally, Plaintiff objects to the costs incurred by Allstate in videotaping and obtaining stenographic transcripts of depositions insofar as Allstate seeks to recover

for both videotaping a deposition and obtaining a stenographic copy of that deposition.  Finally, Plaintiff objects to the costs incurred by Allstate in deposing physician witnesses on the ground that such costs were not necessarily obtained for use in this case.

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," which includes the costs of deposition transcripts, EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000), and the cost of transcripts from other court proceedings.  Majeske v. City of Chicago, 218 F.3d 816, 825 (7th Cir. 2000); see Alflex, 914 F.2d at 176 n.3 (italics omitted) (observing that "there is much support for the proposition that section 1920(2) covers the cost of deposition transcripts, as well as trial transcripts.").  Costs for depositions transcripts and transcripts from other court proceedings are taxable only if they were "necessarily obtained" for use in the case.  See EEOC, 213 F.3d at 624; Majeske, 218 F.3d at 825; see also Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (deposition costs are taxable if they are reasonably necessary for trial).  "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." EEOC, 213 F.3d at 624; see Majeske,

218 F.3d at 825 (courts may not tax the costs of transcripts provided merely for the convenience of the requesting attorney).

Based on the foregoing, the court concludes that Allstate is entitled to recover the cost it incurred in obtaining the underlying bench trial transcript because it was obtained for use in this case.  With respect to deposition costs, the court concludes that Allstate is not entitled to recover the costs it incurred for both videotaping a deposition and obtaining a stenographic transcript of that deposition.  While several courts have awarded costs under § 1920 for both transcribing and videotaping a deposition, see Nederhiser v. Foxworth, 2007 WL 1378602, * 2 (D. Or. 2007) (citing cases), Allstate is not entitled to recover for both costs because it failed to provide a rationale justifying why both were necessary for the litigation.  See id. (observing that an award of costs for both transcribing and videotaping a deposition turns on whether both are reasonably necessary, which requires a showing beyond convenience or duplication to ensure alternative methods of presenting materials at trial); see also Cherry v. Champion Intern. Corp., 186 F.3d 442, 449 (4th Cir. 1999) (absent a showing that both transcribing and videotaping a deposition were "necessarily obtained for use in the case," only the transcription costs are recoverable).

Accordingly, Allstate is not entitled to recover the costs it incurred for both videotaping a deposition and obtaining a stenographic transcript of that deposition.   Allstate is only entitled to recover the costs it incurred in obtaining stenographic transcripts of such depositions.   Additionally, the court concludes that Allstate is not entitled to recover the costs it incurred in obtaining the deposition transcripts of physicians because these depositions were not necessarily obtained for use in this case as Plaintiff's medical condition was not an issue before the court.   See Garamendi, 116 Cal.App.4th at 711.

Accordingly, Allstate is entitled to recover $3,258.99 in court reporter costs.

**4. Fees for Witnesses**

Allstate seeks to bill $340.00 as taxable costs to Plaintiff for witness fees.  Plaintiff objects to these costs on the ground that such fees are unrecoverable as physician witness depositions were not necessarily obtained for use in this case. The court agrees.   The attendance of physicians at depositions was not necessary in this case because Plaintiff's medical condition was not an issue before the court.  See Garamendi, 116 Cal.App.4th at 711.

Accordingly, Allstate is not entitled to recover witness fees costs.

10

**5. Fees for Exemplification and Copies of Papers**

Allstate seeks to bill $1,352.64 as taxable costs to Plaintiff for exemplification and copies of papers. Plaintiff objects to these costs on the ground that Allstate seeks unrecoverable and unspecified fees exceeding what is fair and reasonable.

Photocopying is a taxable cost pursuant to § 1920(4). See EEOC, 213 F.3d at 622 (§ 1920(4) permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case"); Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002) (copying and exemplification costs are allowed only when necessary to a party's case). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." EEOC, 213 F.3d at 623. After reviewing the documentation submitted in this regard, the court concludes that Allstate is entitled to recover its photocopying costs, except for its costs incurred in copying medical files as Allstate could not have reasonably believed it was necessary to copy these papers in light of the holding in Garamendi, 116 Cal.App.4th 694.

Accordingly, Allstate is entitled to recover $253.19 in copying costs.

//

**6. Other Costs: Deposition Travel Expenses, Expert Witness Fees & Docket Fees**

Allstate seeks to bill $918.87 as taxable costs to Plaintiff for attorney travel expenses (e.g., mileage, meals, parking and bridge toll costs), $2,675.00 for expert witness fees and $20.00 in docket fees. Plaintiff objects to each of these cost items on the ground that such costs are unrecoverable.

With respect to travel expenses incurred by Allstate's attorneys, the court concludes that Allstate is not entitled to recover such costs under § 1920. See U.S. ex rel. Stierli v. Shasta Services Inc., 2007 WL 1516934, * 1 (E.D. Cal. 2007); Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F.Supp. 415, 418 (N.D. Tex. 1997); Yasui v. Maui Elec. Co., Ltd., 78 F.Supp.2d 1124, 1130 (D. Hawaii 1999). With respect to expert witness fees incurred by Allstate (i.e., the deposition appearance fees of three physicians), the court concludes that Allstate is not entitled to recover such costs under § 1920. See Sorbo v. United Parcel Service, 432 F.3d 1169, 1179 (10th Cir. 2005) (fees and expenses incurred in connection with expert witnesses (in excess of the standard witness fee listed in § 1920(3) and fixed by 28 U.S.C. § 1821) are not within the scope of § 1920 and therefore are not

recoverable as costs).[6]  Finally, with respect to the docket fees incurred by Allstate, the court concludes that Allstate is entitled to recover such costs under § 1920(5).

Accordingly, Allstate is entitled to recover $20.00 in other costs.  Allstate is therefore entitled to a total cost award of $3,837.18.  Next, the court will determine whether Plaintiff's financial condition warrants a reduction in Allstate's cost award.

## C.   Plaintiff's Inability to Pay Costs

Plaintiff seeks to set aside Allstate's bill of costs on the basis of her limited financial resources.  To prove her inability to pay for Allstate's costs Plaintiff has submitted a declaration attesting that both she and her husband are both unemployed and suffer from serious medical conditions.  Decl. of Kathleen Terry ("Terry") ¶ 2.  Plaintiff further attests that her household monthly income is $760.00 in Social Security Disability Benefits and that she has a monthly mortgage payment of $1,195, credit card debt of approximately $18,000, and owes $6,443 in litigation costs.  Id. ¶¶ 2, 4-6.  Finally, Plaintiff attests that she has no financial assets, except for a bank

---

[6] Alternatively, because Plaintiff's medical condition was not an issue before the court, the attendance of physicians at depositions was not necessary for this case.  See Garamendi, 116 Cal.App.4th at 711.  Therefore, the fees and expenses incurred by Allstate in this regard are unrecoverable on this independent ground.

account containing approximately $1,300 and a 1979 pick-up truck. Id. ¶¶ 3, 7. Plaintiff asserts that if she is required to pay Allstate's costs she will be unable to afford the common necessaries of life. Id. ¶ 8. In response, Allstate argues that Plaintiff is not without the means to satisfy Allstate's bill of costs because she is the co-owner of real property valued at $265,938.

Trial courts may consider a variety of factors in deciding whether to award costs, including whether the losing party has limited financial resources. See Ass'n of Mexican-American Educators, 231 F.3d at 592; Stanley, 178 F.3d at 1079 (stating that indigency is a factor district courts may properly consider when deciding whether to award costs); Rivera v. City of Chicago, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing cases) (it is within the discretion of the district court to consider a plaintiff's indigency in denying costs).[7] In considering whether to hold an indigent party liable for costs, the district court must conduct a two-step analysis: (1) the court must make a

---

[7] The Ninth Circuit has approved refusing to award costs to a prevailing party when the losing party has limited financial resources. See National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982); see also Wrighten v. Metropolitan Hosps., Inc., 726 F.2d 1346, 1358 (9th Cir. 1984); Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir. 1983). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 462-63 (3d Cir. 2000).

14

threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future; and (2) the court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case.  <u>Rivera</u>, 469 F.3d at 635.  When using its discretion to deny or award costs, the court should provide an explanation of its reasons. <u>Id.</u> at 635-36.

Although the court is not unsympathetic to Plaintiff's limited financial resources, it does not find that Plaintiff's argument advanced in this regard is sufficiently persuasive to overcome the presumption that a prevailing party is entitled to its costs under Rule 54(d).  Plaintiff did not prove that Allstate engaged in misconduct or that this case involved complex issues presenting difficult or close legal questions. Nor did Plaintiff sufficiently demonstrate that she is incapable of paying Allstate's costs in the future.  While the court acknowledges that requiring Plaintiff's to pay even a portion of Allstate's costs will cause her to suffer hardship, it does not find that this case is "the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs)." <u>See</u> <u>Save Our Valley</u>, 335 F.3d at 945.

Accordingly, because a sum of $3,837.18 is not an exorbitant cost given the nature of the underlying litigation, and because Plaintiff has not presented any specific evidence of misconduct on the part of Allstate that would justify setting aside the bill of costs, Allstate is entitled to recover costs in the amount of $3,837.18.  However, because Plaintiff cannot pay the costs in full, the court will impose a plan that assures payment of costs without placing a punitive burden on her.  On or before the 15th day of each month, beginning in December, 2007, Plaintiff Kathleen Terry will pay the sum of $50.00 per month for seventy-six consecutive months and the sum of $37.18 on the seventy-seventh month.

## II.

For the reasons stated above, Allstate is entitled to recover $3,837.18 in costs.

**IT IS SO ORDERED.**

ENTERED this 31st day of October, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE